UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| WILLIAM DAVIS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 1:11 CV 4 RWS |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on William Davis's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons set forth below, the motion will be denied.

**I.  Background**

On August 27, 2008, Davis pleaded guilty to a one-count indictment for felon in possession of a firearm in violation of 28 U.S.C. §§ 922(g)(1) and 924(e). In the plea agreement the parties agreed to a base offense level of thirty-three and a three level reduction for acceptance of responsibility.

Both parties agreed not to appeal any non-sentencing issues, including any issues relating to the negotiation, the taking or acceptance of the guilty plea, or the factual basis for the plea. (Plea Agmt. at 3.) Both parties also agreed not to appeal the sentence imposed provided that it was consistent with the recommendations in the plea agreement and in accordance with the sentencing guidelines. Id. However, Davis did expressly reserve the right to appeal my ruling on the issue of whether he is an armed career criminal and the resulting effect on his criminal history category under the sentencing guidelines. (Plea Hr'g Tr. at 10.) Davis waived his right to

contest the conviction or sentence in any post-conviction proceeding, including one under 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel. Id. at 10-11. During the plea hearing, Davis stated that he was satisfied with his counsel's representation and that counsel had performed all tasks requested of him. Id. at 5-6.

The sentencing hearing took place on December 16, 2008. Over his objection, I found that Davis was an armed career criminal. (Sent. Hr'g at 4-5.) More specifically, I overruled Davis's objection and found his 1989 burglary conviction qualified as a "violent felony." I found that Davis had a criminal history of category VI, resulting in a sentencing range of 180 to 210 months in prison. Id. at 5. I sentenced Davis to 180 months of imprisonment followed by three years supervised release. Id. at 9-10.

Davis appealed the sentence to the United States Court of Appeals for the Eighth Circuit on the grounds that I erred by (1) finding that Davis's 1989 Florida burglary conviction is a "violent felony" under 18 U.S.C. § 924(e) for purposes of his armed career criminal status and (2) imposing an unreasonable sentence of 180 months. United States v. Davis, 352 Fed. Appx. 130, 131 (8th Cir. 2009). The Eighth Circuit affirmed my decision. Id.

On November 17, 2010, Davis filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

## II.     Grounds for Relief

In his § 2255 motion, Davis alleges ineffective assistance of counsel and that his 1989 Florida burglary conviction is not a "violent felony" under 18 U.S.C. § 924(e)(2)(B). Specifically, Davis alleges that:

(1) counsel did not do sufficient research in his case and did not discover that his two

drug-related convictions from 1986 are not considered "serious drug offenses" under 18 U.S.C. § 924(e)(2)(A).

(2) counsel failed to fully research whether Davis's 1989 Florida third-degree burglary conviction "could be used for [§ 924(e)] purposes."  Mot. to Vacate at 3.

(3) third-degree burglary "carries to [sic] wide of a spectrum of cases" to merit definition as third-degree burglary.  Id.

(4) Florida does not consider third-degree burglary to be a violent offense, and so § 924(e) should not either.

## III. Analysis

### A. An Evidentiary Hearing is Not Warranted

Davis has not filed a request for an evidentiary hearing.  However, even if he had, his request would be denied.

Generally, 28 U.S.C. § 2255 entitles movants to a hearing on the merits of their petition. See 28 U.S.C. § 2255 (2006).  However, an evidentiary hearing need not be held if "the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). Because I find that Davis's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing is necessary.

### B. Davis's "Violent Felony" Definition Claims Were Rejected on Appeal

Davis argues that the statutory definition of "violent felony" under § 924(e)(2)(B) should

not include the offense of third-degree burglary. Davis raised this very issue in his direct appeal. The Eighth Circuit rejected it. United States v. Davis, 352 Fed. Appx. 130, 131 (8th Cir. 2009). The court noted that the plain language of § 924(e) and precedent dictate that Davis's 1989 burglary conviction should be considered a "violent felony" for purposes of the statute. Id. (citing 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" as "any crime punishable by imprisonment for a term exceeding one year...that is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another"); Taylor v. United States, 495 U.S. 575, 599 (1990) (noting that the court must look only to the statutory definition and not the underlying facts of a burglary for purposes of § 924(e)); United States v. Matthews, 466 F.3d 1271, 1274 (11th Cir. 2006) (holding that even if defendant's Florida burglary convictions were not generic burglaries, they were violent felonies under the alternative "otherwise" definition)).

Davis waived his ability to challenge the statutory definition because the issue was raised on direct appeal and rejected. Cardarella v. United States, 351 F.2d 443, 447 (8th Cir. 1965) ("It is firmly established that the remedy provided by Title 28 U.S.C.A. § 2255 cannot be used to serve the functions and purposes of an appeal."); Sun Bear v. United States, 644 F.3d 700, 702 (8th Cir. 2011) (finding that claims raised on direct appeal may not be raised in a § 2255 motion with only rare exceptions) (citing Davis v. United States, 417 U.S. 333, 346-47 (1974)). As a result, Davis's claim fails.

    **C.    Davis Did Not Receive Ineffective Assistance of Counsel**

To state a claim for ineffective assistance of counsel, Davis must prove that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland

v. Washington, 466 U.S. 668, 687 (1984). First, to establish that counsel's performance was deficient, Davis must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. In determining whether counsel's conduct was objectively reasonable, the court must keep in mind that there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The court seeks to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id.

Second, Davis "must show that the deficient performance prejudiced the defense." Id. at 687. To establish the requisite degree of prejudice, Davis must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The court need not address whether counsel's performance was deficient if the defendant is unable to prove prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

*I. Counsel's Failure to Research the "Serious Drug Offense" Issue*

Davis's first claim is that his counsel was ineffective for failing to properly research his case and discover that Davis's two drug offenses from 1986 were not "serious drug offenses" under § 924(e)(2)(A). The Government concedes that these two convictions do not qualify as "serious drug offenses" for purposes of the statute. Gov't Resp. at 13. Nevertheless, the statute requires only three violent felonies or serious drug offenses in order to classify Davis as an armed career criminal. 18 U.S.C. § 924(e)(1) (2006) ("In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1)

of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years..."). It is undisputed and the record clearly establishes that Davis has three prior burglary convictions. PSR ¶¶ 27, 64, 68. Despite Davis's contentions with regard to the 1986 drug offenses, his three prior burglary convictions support his classification as an armed career criminal. Since he would have been similarly classified with or without the drug offenses, see Strickland, 466 U.S. at 694, Davis suffered no prejudice. As a result, Davis's claim fails.

*ii. Counsel's Failure to Research the "Violent Felony" Issue*

Davis argues that his counsel was ineffective for failing to "fully research" whether his 1989 burglary conviction could be considered a "violent felony" for purposes of § 924(e). Mot. to Vacate at 3. As discussed above, this claim was squarely rejected by the Eighth Circuit on Davis's direct appeal. Davis, 352 Fed. Appx. at 131. The court noted that the plain language of § 924(e) and precedent compelled this result. See id. Counsel can be ineffective for failing to object at sentencing. Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995). However, here Davis's counsel was not ineffective for failure to raise a meritless claim. See Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994). As a result, Davis cannot establish prejudice and his claim fails.

**IV. Certificate of Appealability**

To grant a certificate of appealability, a court must find a substantial showing of a denial of a constitutional right. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) ("A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve those issues differently, or the issues deserve further proceedings."). Based on the foregoing, I

find that Davis did not provide a sufficient basis to conclude that his counsel was constitutionally ineffective. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that William Davis's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability because Davis has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of March, 2014.